UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARIO ANTONIO PADILLA SAUCEDA,

Petitioner,

v.

Case No. 2:26-cv-2816-KCD-NPM

TODD BLANCHE, U.S. ATTORNEY GENERAL, *et al.*,

Respondents.

/

**ORDER**

Petitioner Mario Antonio Padilla Sauceda is a non-citizen currently detained by immigration authorities. He has filed a habeas corpus petition (Doc. 1) and moved for a temporary restraining order (Doc. 7).[1] He seeks an immediate order enjoining Respondents from transferring him outside the Middle District of Florida or otherwise removing him from the United States until the Court decides his habeas petition. (*Id.* at 2.)

To obtain a temporary restraining order or a preliminary injunction, the movant must establish: "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

interest." *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005). Immediate injunctive relief is an "extraordinary and drastic remedy, and [the movant] bears the burden of persuasion to clearly establish all four of these prerequisites." *Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1247 (11th Cir. 2016).

To the extent Sauceda is asking this Court to stay his removal from the United States, the request is denied. The Immigration and Nationality Act contains a jurisdiction-stripping provision that is as clear as it is potent. It states that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." 8 U.S.C. § 1252(g).

This provision is designed to protect the Government's discretion in three specific areas: commencing proceedings, adjudicating cases, and—crucially for Sauceda—executing removal orders. *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999). When a claimant seeks an injunction to stay his removal, he is asking the court to do exactly what the statute forbids: interfere with the Government's decision to execute a removal order. *See Camarena v. Dir., Immigr. & Customs Enf't*, 988 F.3d 1268, 1271 (11th Cir. 2021). "Courts across the country have thus found that they are barred from staying removal, even when the court might otherwise have

jurisdiction over the [underlying] claims presented." *Edwin M.-N. v. Green*, No. CV 19-6096 (KM), 2019 WL 13299141, at *2 (D.N.J. Feb. 19, 2019); *see also Rivera-Amador v. Rhoden*, No. 3:25-CV-1460-WWB-SJH, 2025 WL 3687452, at *3 (M.D. Fla. Dec. 19, 2025); *Lopez v. Warden, Stewart Det. Ctr.*, No. 4:18-CV-134-CDL-MSH, 2018 WL 7051097, at *2 (M.D. Ga. Dec. 26, 2018).

Because § 1252(g) removes this Court's power to act, to the extent Sauceda's TRO seeks to enjoin his removal from the United States, it must be denied. *See, e.g.*, *Torres- Mejia v. Trump*, No. 1:25-CV-1623, 2025 WL 3684258, at *9 (W.D. Mich. Dec. 19, 2025) ("Because a general request for a stay of removal would concern a decision or action by the Attorney General to . . . execute removal orders, the Court finds that § 1252(g) precludes [its] jurisdiction over such claims.").

To the extent Sauceda is seeking to only prohibit his transfer outside the Middle District of Florida, the answer is similarly no. "That's because a district court lacks jurisdiction to enjoin the government from transferring immigration detainees to other districts, as those decisions fall within the discretion of the Attorney General." *Marquez-Diaz v. Ripa*, No. 25-CV-23256, 2025 WL 2061675, at *3 (S.D. Fla. July 22, 2025). But even if there was jurisdiction, the request still falls short because Sauceda has not shown an

"irreparable injury [that is] neither remote nor speculative, but actual and imminent." *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000).

"[J]urisdiction attaches upon the initial filing of the § 2241 petition and will not be destroyed by a petitioner's subsequent Government-effectuated transfer and accompanying change in physical custodian." *Villa v. Normand*, No. 5:25-CV-89, 2025 WL 3113200, at *4 (S.D. Ga. Oct. 16, 2025). So an order enjoining Sauceda's transfer to somewhere besides the Middle District of Florida is superfluous in the sense that it will not impact the relief available. *Cf. Santillanes v. U.S. Parole Comm'n*, 754 F.2d 887, 888 (10th Cir. 1985).

For these reasons, Sauceda's Motion for Temporary Restraining Order (Doc. 7) is **DENIED**, and the case will proceed to a review of the merits.

**ORDERED** in Fort Myers, Florida on October 22, 2026.

Kyle C. Dudek
United States District Judge